UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

JOHN C. DENELSBECK, III,
Institutional ID No. 02353703

Plaintiff,

v.                                                         No.  5:24-CV-00145-H

JEREMY J. DELACRUZ,

Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Dkt. No. 25. Specifically, the Magistrate Judge recommends that the Court grant Defendant Jeremy J. Delacruz's motion to dismiss based on qualified immunity and dismiss Plaintiff's claims against Delacruz with prejudice. Plaintiff filed untimely objections. Dkt. No. 27. As explained below, the Court overrules Plaintiff's objections. And, after appropriate review, the Court accepts and adopts the Magistrate Judge's FCR.

## 1.     Background

Plaintiff brought this case under 42 U.S.C. § 1983 against various defendants regarding incidents that occurred during his confinement at the Price Daniel Unit of the Texas Department of Criminal Justice (TDCJ). *See* Dkt. No. 1.[1] In his sole remaining

---

[1] The undersigned transferred this case to the Magistrate Judge for judicial screening under 28 U.S.C. § 1915 and to develop the factual basis of Plaintiff's complaint. Dkt. No. 8. Plaintiff consented to proceed before the Magistrate Judge. Dkt. No. 15. After reviewing the complaint, the authenticated records, and Plaintiff's responses to a questionnaire, Dkt. No. 13, the Magistrate Judge dismissed all claims under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A)(b), except for his excessive-force claim against Defendant Jeremy Delacruz in his individual capacity. Dkt. No. 21.

claim, Plaintiff complains that Defendant Jeremy Delacruz, in his individual capacity, subjected him to excessive force when he applied handcuffs too tightly prior to escorting Plaintiff to administration segregation. *See* Dkt. No. 1 at 5. Plaintiff alleges that as a result of the tight cuffing, and a struggle during the officer's attempts to remove the handcuffs through the food slot, he suffered permanent scarring on both wrists, suffers from constant pain, and wears a wrist brace. Dkt. No. 13 at 3. Plaintiff seeks $1.5 million in damages. Dkt. No. 1 at 4.

In response to the Magistrate Judge's order to answer or otherwise plead, Dkt. No. 22, Defendant Delacruz filed a motion to dismiss on qualified immunity grounds. Dkt. No. 24. Plaintiff did not file a reply to the motion to dismiss, and the Magistrate Judge entered the thorough FCR. Dkt. No. 25. Specifically, the FCR set out the standard for qualified immunity and summarized its findings as follows:

> In sum, even accepting that Denelsbeck has stated a claim [of excessive force] and assuming Delacruz had impure motive, existing precedent does not support the finding that Delacruz's actions were objectively unreasonable. Moreover, the conduct here—handcuffing a prisoner and escorting him away from an escalating situation—does not appear obviously unlawful. *See, e.g., Jones v. Taylor,* No. 2:14-CV-428, 2015 WL 5793721, at *10 (S.D. Tex. Oct. 1, 2015) (dismissing prisoner's excessive force claim based on tight handcuffing at summary judgment in part because, even accepting that he suffered a serious injury, the handcuffs were used to escort him to the infirmary and the restraints were only on for five to ten minutes), *aff'd,* 683 F. App'x 299 (5th Cir. 2017); *see Joseph ex rel. Est. of Joseph v. Bartlett,* 981 F.3d 319, 337 (5th Cir. 2020) (noting that "[t]he standard for obviousness is sky high" in the "rare obvious case for which no similar case is needed"). Given that the qualified immunity analysis turns on whether a defendant's conduct was objectively reasonable, Delacruz is entitled to qualified immunity, and Denelsbeck's remaining claim should be dismissed. *See Heaney v. Roberts,* 846 F.3d 795, 804 (5th Cir. 2017) ("[A]n officer is only denied qualified immunity if his or her actions are objectively unreasonable in light of clearly established law.").

Dkt. No. 25 at 16. And the FCR recommends that the undersigned grant the motion to dismiss Plaintiff's claim for excessive force with prejudice.

2

2.      **Discussion**

    A.      **Plaintiff's objections are untimely.**

The FCR was entered on February 17, 2026. Dkt. No. 25. Thus, Plaintiff's objections were due no later than March 3, 2026. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). Plaintiff did not specify the date he delivered the objections to prison officials for mailing. *See* Dkt. No. 27; *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (finding that prisoner's pro se pleading may be deemed "filed" as of the date he deposited it in the prison mail system). But he dated the unsworn declaration attached to his objections March 7, 2026. *See* Dkt. No. 27 at 4. And the postmark on the envelope containing his objections is stamped March 10, 2026. *See id.* at 5. Thus, Plaintiff's objections were drafted at least 4 days after the deadline. As a result, the Court need only review the FCR for plain error.

    B.      **Plaintiff's objections do not show that the FCR is incorrect.**

Additionally, even if Plaintiff's objections were timely, the Court would overrule them. In his objections, Plaintiff seeks to strike the motion to dismiss and seems to argue that the qualified immunity defense is nothing more than an attempt by the TDCJ to conceal the fact that the use-of-force did not follow TDCJ policy, and because the Defendant was terminated by the TDCJ for his habitual use of narcotics. Dkt. No. 27 at 2. And Plaintiff states in conclusory fashion that qualified immunity should be denied because he sustained injuries as a result of Defendant's actions, and that the Defendant knew or should have known his actions were unconstitutional. *Id.* at 3. However, the objections failed to negate the Defendant's entitlement to qualified immunity.

Because Defendant Delacruz has asserted the defense of qualified immunity, it is Plaintiff's burden to negate the defense. *See Terwilliger v. Reyna,* 4 F.4th 270, 280 (5th Cir.

2021) (holding that it is the plaintiff's burden to demonstrate that qualified immunity is inappropriate at the motion to dismiss stage; citing *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)).). The standard is demanding. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. *White v. Pauly*, 580 U.S. 73, 79 (2017). That is, the clearly established law upon which the plaintiff relies should not be defined at a high level of generality but must be particularized to the facts of the case. *Id.* Thus, failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. *Id.*; *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017).

After reviewing the pleadings and the record in this case, the Court finds that Plaintiff has failed to meet that burden. In short, the FCR applied the correct standard for qualified immunity in determining that Defendant Delacruz was entitled to the defense. First, it found that Plaintiff's alleged facts were sufficient to state a claim for excessive force based on the defendant's tight application of the handcuffs. Dkt. No. 25 at 8–9. And second, the FCR found that Plaintiff had failed to show that Defendant Delacruz acted unreasonably in light of clearly established law. *Id.* at 10–16. But in his scant objections, Plaintiff did not identify any case where an officer acting under similar circumstances was held to have violated a plaintiff's rights. So, the Court adopts the FCR's conclusion that Plaintiff has failed to show that Defendant Delacruz acted unreasonably in light of clearly established law, and thus, the defendant is entitled to qualified immunity on his claims.

3. **Conclusion**

The District Court made an independent examination of the record and reviewed the Magistrate Judge's report for plain error. Finding none, the Court overrules the objections, and accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

The Court therefore orders:

1. Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) based on qualified immunity, Dkt. No. 24, is granted, and Plaintiff's complaint and his remaining claims against Defendant Jeremy J. Delacruz are dismissed with prejudice.

2. Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

3. All relief not expressly granted is denied, and any pending motions are denied.

4. Plaintiff is advised that if he appeals this order, he will be required to pay the appeal fee of $605.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a six-month certificate of inmate trust account at the same time he files his notice of appeal.

The Court will enter judgment accordingly.

So ordered.

Dated March 31, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

5